SUMMARY ORDER

Meixiang Liu, a native and citizen of the People’s Republic of China, seeks review of an April 23, 2008 order of the BIA affirming the July 18, 2006 decision of Immigration Judge (“IJ”) Douglas B. Schoppert, denying her application for asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”). In re Meixiang Liu, No. A98 559 079 (B.I.A. Apr. 23, 2008), aff'g No. A98 559 079 (Immig. Ct. N.Y. City Jul. 18, 2006). We assume the parties’ familiarity with the underlying facts and procedural history of this case.
When the BIA does not expressly “adopt” the IJ’s decision, but its brief opinion closely tracks the IJ’s reasoning, we consider both the IJ’s and the BIA’s opinions for the sake of completeness if doing so does not affect our ultimate conclusion. Jigme Wangchuck v. DHS, 448 F.3d 524, 528 (2d Cir.2006). We review the agency’s factual findings, including adverse credibility findings, under the substantial evidence standard. See 8 U.S.C. § 1252(b)(4)(B); Corovic v. Mukasey, 519 F.3d 90, 95 (2d Cir.2008).
As an initial matter, we find that the agency’s analysis was sufficient to qualify as an “explicit credibility finding,” where the IJ cited specific reasons to doubt Liu’s credibility, and the BIA did not indicate that the basis for the IJ’s denial of relief “was anything but the applicant’s lack of credibility.” See Zaman v. Mukasey, 514 F.3d 233, 237 (2d Cir.2008) (discussing Diallo v. INS, 232 F.3d 279, 290 (2d Cir.2000)). Further, we find that the agency’s adverse credibility finding is supported by substantial evidence.
For asylum applications governed by the amendments to the Immigration and Nationality Act (“INA”) made by the REAL ID Act of 2005, the agency may, consider *15 ing the totality of the circumstances, base a credibility finding on an asylum applicant’s demeanor, the plausibility of his or her account, and inconsistencies in his or her statements, without regard to whether they go “to the heart of the applicant’s claim.” 8 U.S.C. § 1158(b)(1)(B)(iii). We “defer to an IJ’s credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling.” Xiu Xia Lin v. Mukasey, 534 F.3d 162, 167 (2d Cir.2008).
In denying relief, the IJ noted that Liu “had difficulty providing a coherent timeline of the events that occurred.” Specifically, the IJ found that Liu’s testimony was inconsistent with her asylum application as to the date of her pregnancy, the date that she arrived in the United States, and whether the family planning officials told her that she had to have an abortion when they came to her home. These are all clear inconsistencies in the record, and it was proper for the IJ to rely on them in making an adverse credibility determination. See 8 U.S.C. § 1158(b)(l)(B)(iii). Because Liu has not indicated anything in record that would compel a reasonable fact-finder to conclude that she is credible, we will not disturb the agency’s adverse credibility determination. See 8 U.S.C. § 1252(b)(4)(B); see also Corovic, 519 F.3d at 95. Accordingly, the agency properly denied Liu’s application for asylum.
Further, inasmuch as Liu based her claims for withholding of removal and CAT relief on the same factual predicate as her asylum claim, those claims necessarily fail. See Paul v. Gonzales, 444 F.3d 148, 156 (2d Cir.2006); Wu Biao Chen v. INS, 344 F.3d 272, 275 (2d Cir.2003).
For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.